the provision of the statute that his contributory negligence shall not bar a recovery, but shall only diminish the amount of damages to be awarded. We do not hold that appellee was negligent. Indeed, we are of opinion that the jury could fairly find from the evidence that he was not negligent, but there is no proof of anything causing this injury except the negligence of the engineer and the possible negligence of appellee. We are therefore of opinion that there is not in this case any question of assumed risk, and that the court therefore properly refused to submit the question of assumed risk to the jury.

The clerk will tax the cost of the additional abstract to appellant.

The judgment is therefore affirmed.

*Affirmed.*

---

**Frank Vogel, Jr., Plaintiff in Error, v. City of Rock Island, Defendant in Error.**

**Gen. No. 5,929.    (Not to be reported in full.)**

Error to the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the April term, 1914. Dismissed. Opinion filed May 21, 1914.

### Statement of the Case.

Action by Frank Vogel, Jr., against City of Rock Island in which the court below sustained a demurrer to plaintiff's amended declaration. Plaintiff elected to abide by his amended declaration, and judgment was entered against him for costs. To reverse the judgment, plaintiff prosecutes a writ of error.

W. M. CHAMBERLAIN and STURTZ & EWAN, for plaintiff in error.

J. F. WITTER, for defendant in error.

PER CURIAM.

### Abstract of the Decision.

APPEAL AND ERROR, § 278*—*when judgment entered on sustaining a demurrer not final.* A judgment rendered against a plaintiff for costs on sustaining a demurrer to his declaration is not a final judgment which is reviewable on writ of error, where it does not adjudge that plaintiff take nothing by his suit and that defendant go hence without day, etc.

--------

### H. J. Bennett, Appellant, v. Fred Nicholson et al., Appellees.

### Gen. No. 5,968.    (Not to be reported in full.)

Appeal from the Circuit Court of Stark county; the JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1914. Dismissed. Opinion filed May 21, 1914.

### Statement of the Case.

Action by H. J. Bennett against Fred Nicholson and others to recover on a promissory note. After a motion for a new trial had been denied the following entry was made: "It is hereby ordered by the court that judgment be and the same is hereby entered on the verdict." From such supposed judgment, plaintiff appeals.

--------

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.